UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARROLENE C. BURRELL, ) | 1:08-cv-0067 OWW SMS |
| ) | |
| Plaintiff, ) | SCHEDULING CONFERENCE ORDER |
| ) | |
| v. ) | Discovery Cut-Off: 5/1/09 |
| ) | |
| JAMES B. PEAKE, M.D., SECRETARY ) OF THE U.S. DEPARTMENT OF ) VETERANS AFFAIRS, ) | Non-Dispositive Motion Filing Deadline: 5/15/09 |
| ) | Dispositive Motion Filing |
| Defendants. ) | Deadline: 6/1/09 |
| ) | |
| _____ ) | Settlement Conference Date: Parties to Contact SMS |
| | Pre-Trial Conference Date:  8/17/09 11:00 Ctrm. 3 |
| | Trial Date:  9/29/09 9:00 Ctrm.3 (JT-10 days) |

I.   Date of Scheduling Conference.

   August 15, 2008.

II.  Appearances Of Counsel.

   Mary Dryovage, Esq., appeared on behalf of Plaintiff.

   Benjamin E. Hall, Esq., Assistant United States Attorney, appeared on behalf of Defendant.

III. Summary of Pleadings.

   1.   Plaintiff, Arrolene C. Burrell, was the Chief, Social

Work Service, U.S. Department of Veterans Affairs, Fresno, California.  She brings this action against the Secretary of the VA pursuant to Title VII of the Civil Rights Act, 42 U.S.C. 2000e-16 alleging discrimination based on her race/color (African-American/Black) and reprisal, by forcing into retirement herself and all of the other African-American VA Service Chiefs without legitimate justification, demoting her from Chief Social Work Service to Social Worker, and replacing her with a person who was less qualified (Ph.D. from an unaccredited university), downgrading her performance rating, reassigning her position, denying her within grade increase, creating a hostile work environment and constructively discharging her and forcing her into retirement by denying her use of earned vacation pay and sick leave.  She requests retroactive reinstatement and back pay, promotion to Chief, Social Work Service, pain and suffering damages, attorney's fees and costs of the litigation.

2.   Defendant has denied the allegations, and contends that each of the challenged employment actions was legitimate, taken in accordance with law and based upon sound and proper exercise of discretionary judgment.  Defendant denies that any employment action taken with respect to Plaintiff was discriminatory, retaliatory or pretextual.  Defendant denies that it engaged in any disparate treatment based upon race or color or denies that Plaintiff encountered a hostile work environment.  Defendant denies that any employment action taken with respect to Plaintiff was motivated by a prior protected activity.  Defendant also denies that Plaintiff was constructively discharged or forced to retire.

2

**IV.  Orders Re Amendments To Pleadings.**

    **1.   The parties do not anticipate amending the pleadings at this time.**

**V.   Factual Summary.**

    **A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.**

        **1.   Plaintiff is an African-American female who began working for the VA in 1975.**

        **2.   Beginning in 1993, Plaintiff's position with the Fresno VA was Chief, Social Work Service (GS-0185-13).**

        **3.   In 2000, the Social Work Service of the Fresno VA, along with other services and sections, was decentralized.**

        **4.   In 2004-2005, the Fresno VA reconstituted the Social Work Service.**

        **5.   On September 20, 2004, Plaintiff filed an informal EEO complaint.**

        **6.   In October 2004, the Fresno VA announced the position of Chief, Social Work Service.**

        **7.   On November 17, 2004, Plaintiff filed a formal EEO complaint alleging racial discrimination.**

        **8.   Plaintiff, among others, applied and was interviewed for the position of Chief of the reconstituted Social Work Service.**

        **9.   In December 2004, the Fresno VA selected Carolyn Hughes, a Caucasian woman, for the position of Chief, Social Work Service.**

        **10.  In February 2005, Plaintiff was assigned to work under the supervision of Ms. Hughes.**

3

11.  On February 23, 2005, Plaintiff filed a second formal EEO complaint.

12.  In September 2005, Ms. Hughes provided Plaintiff with a thirty-day Performance Assistant Plan.

13.  On October 25, 2005, Plaintiff retired from federal service.

B.  Contested Facts.

1.  Whether Plaintiff Burrell was subjected to a hostile work environment, including ongoing harassment and humiliation.

2.  Whether Plaintiff Burrell was subjected to constructive discharge/forced retirement.

3.  Whether Defendant was under an obligation to stop the alleged harassment and retaliation of Plaintiff Burrell and if so, whether Defendant actually took appropriate remedial steps to stop the alleged harassment and retaliation of Plaintiff Burrell.

4.  Whether Defendant's agents were aware of her protected activity prior to taking adverse employment actions against her, including filing an informal EEO complaint, filing a formal EEO complaint and participating in the EEO complaint procedures.

5.  Whether Plaintiff Burrell was subjected to adverse employment actions in retaliation for protected activity.

6.  Whether Defendant took effective steps to investigate Plaintiff Burrell's EEO complaints.

7.  Whether Defendant's treatment of Plaintiff Burrell was a continuing violation.

4

8.  Whether each of Plaintiff's claims was timely raised.

9.  Whether Defendant had a legitimate, non-discriminatory reason for each of the challenged employment decisions.

10. Whether the alleged discriminatory acts were sufficiently "severe and pervasive" to establish a claim for hostile work environment.

11. Whether Plaintiff can establish that each of Defendant's reasons for the alleged discriminatory and retaliatory acts are pretext for unlawful discrimination.

VI.  Legal Issues.

   A.  Uncontested.

   1.  Jurisdiction exists in the event that administrative remedies were exhausted.

   2.  Venue is proper under 28 U.S.C. § 1391.

   3.  This case is governed by the laws of the United States.

   B.  Contested.

   1.  Whether Plaintiff Burell exhausted her administrative remedies.

   2.  Whether Plaintiff Burrell can establish a *prima facie* case of race/national origin, and/or retaliation and if so, whether Defendant's actions were taken for legitimate, non-discriminatory reasons.

   3.  Whether the VA's asserted justification for its treatment of Plaintiff Burrell was a pretext for discrimination based on her race/national origin, and/or in retaliation for

5

1  protected activity.
2          4.   What is the appropriate remedy, if any.
3  VII. Consent to Magistrate Judge Jurisdiction.
4      1.   The parties have not consented to transfer the
5  case to the Magistrate Judge for all purposes, including trial.
6  VIII.    Corporate Identification Statement.
7      1.   Any nongovernmental corporate party to any action in
8  this court shall file a statement identifying all its parent
9  corporations and listing any entity that owns 10% or more of the
10 party's equity securities.  A party shall file the statement with
11 its initial pleading filed in this court and shall supplement the
12 statement within a reasonable time of any change in the
13 information.
14 IX.  Discovery Plan and Cut-Off Date.
15      A.   Discovery Limitations.
16      1.   Experts:  The parties propose a limit of five (5)
17 experts per side absent a further court order.
18      2.   Depositions:  The parties propose a limit of fifteen
19 (15) depositions per side, absent a further court order.
20      3.   Interrogatories, Requests for Production of Documents
21 and Requests for Admissions:  The parties propose a limit of 25
22 interrogatories, 25 document requests and 50 requests for
23 admission per side, absent a further court order.
24      4.   The parties' initial disclosures shall be filed on or
25 before September 15, 2008.
26      5.   The parties are ordered to complete all non-expert
27 discovery on or before March 2, 2009.
28      6.   The parties are directed to disclose all expert

6

witnesses, in writing, on or before March 2, 2009.  Any rebuttal or supplemental expert disclosures will be made on or before April 3, 2009.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    7.   The parties are ordered to complete all discovery on or before May 1, 2009.

    8.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before May 15, 2009, and heard on June 19, 2009, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

3.     All Dispositive Pre-Trial Motions are to be filed no later than June 1, 2009, and will be heard on July 13, 2009, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.   Pre-Trial Conference Date.

1.     August 17, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2.     The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

3.     Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII.  Motions - Hard Copy.

1.     The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

1.     September 29, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2.     This is a jury trial.

3.     Counsels' Estimate Of Trial Time:

1              a.    10 days.
2         4.    Counsels' attention is directed to Local Rules
3 of Practice for the Eastern District of California, Rule 285.
4 XIV. Settlement Conference.
5         1.    The parties shall contact the Magistrate Judge to
6 schedule an early Settlement Conference.
7         2.    Unless otherwise permitted in advance by the
8 Court, the attorneys who will try the case shall appear at the
9 Settlement Conference with the parties and the person or persons
10 having full authority to negotiate and settle the case on any
11 terms at the conference.
12        3.    Permission for a party [not attorney] to attend
13 by telephone may be granted upon request, by letter, with a copy
14 to the other parties, if the party [not attorney] lives and works
15 outside the Eastern District of California, and attendance in
16 person would constitute a hardship.  If telephone attendance is
17 allowed, the party must be immediately available throughout the
18 conference until excused regardless of time zone differences.
19 Any other special arrangements desired in cases where settlement
20 authority rests with a governing body, shall also be proposed in
21 advance by letter copied to all other parties.
22        4.    Confidential Settlement Conference Statement.
23 At least five (5) days prior to the Settlement Conference the
24 parties shall submit, directly to the Magistrate Judge's
25 chambers, a confidential settlement conference statement.  The
26 statement should not be filed with the Clerk of the Court nor
27 served on any other party.  Each statement shall be clearly
28 marked "confidential" with the date and time of the Settlement

9

Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.    The Confidential Settlement Conference Statement shall include the following:

        a.    A brief statement of the facts of the case.

        b.    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.    A summary of the proceedings to date.

        d.    An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.    The relief sought.

        f.    The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV.  Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.    None.

XVI. Related Matters Pending.

    1.    There are no related matters.

XVII.   Compliance With Federal Procedure.

    1.    The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the

10

Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII.   Effect Of This Order.

   1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

   2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

   3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **August 18, 2008**                             **/s/ Oliver W. Wanger**
                                                                     UNITED STATES DISTRICT JUDGE