MARY DRYOVAGE (CA SBN 112551)
Law Offices of Mary Dryovage

600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 593-0095
Fax. (415) 593-0096
Email: mdryovage@igc.org

Attorney for Plaintiff

LAWRENCE G. BROWN
U.S. Attorney
BENJAMIN E. HALL
Assistant U.S. Attorney
Eastern District of California
United States Courthouse

2500 Tulare St., Ste. 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Fax. (559) 497-4099
Email   Benjamin.Hall3@usdoj.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARROLENE C. BURRELL, | 1:08-cv-00067-OWW-SMS |
| Plaintiff, | |
| v. | **STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND ORDER** |
| ERIC K. SHINSEKI, Secretary for the U.S. Department of Veterans Affairs, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED by and between plaintiff ARROLENE C. BURRELL ("Burrell"), her attorney Mary Dryovage, and defendant ERIC K. SHINSEKI, Secretary for the U.S. Department of Veterans Affairs, (hereinafter "VA"), by and through their undersigned counsel, as follows:

WHEREAS, Burrell is an African-American female who was employed by the VA since 1975 and served as Chief of the Social Work Service, GM-13, Fresno VA from October 1993 until September 2004.

WHEREAS, Burrell received performance awards, commendations and performance ratings throughout her career with the VA which were outstanding, or at least satisfactory, prior to September 2005.

WHEREAS, in September 2007 Burrell commenced this lawsuit, alleging racial discrimination and reprisal under Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-16 *et seq*.

WHEREAS, the parties now desire to avoid the expense, burden and delay of litigation, and to resolve all of Burrell's claims, charges and any and all lawsuits and claims brought by Burrell against the VA fully and forever in consideration of the promises contained herein.

NOW, THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1. In exchange for the promises by Burrell in this Agreement and complete settlement of this matter, the Secretary of VA agrees to:

   A. Pay the sum of Ninety-Two Thousand, Two Hundred and Fifty dollars and no cents ($92,250.00) to Burrell under the terms and conditions set forth herein.

   B. Restore Burrell to Chief, Social Work Service, GM-13 and change official position title and number from Social Worker 001048 to Supervisory Social Worker M01490 by issuing a Form 50 and Form 52 with the corrected information.  Burrell is and remains retired from the VA, and this provision shall not be construed as returning Burrell to work, nor as a preclusion from Burrell applying for work at the VA in the future.

   C. Restore Burrell's with-in grade increase (WIGI), which was scheduled to take effect on September 18, 2005 by 1) paying to Burrell as set forth herein the sum of Four Hundred Twenty-Six Dollars and Eighty-Eight

|  |  |  |
|---|---|---|
| | | cents ($426.88) for the additional retirement benefits she would have received from September 2005 to September 2009, and 2) issuing a notice to the Office of Personnel Management re: Burrell's entitlement to retirement benefits based on the computation which includes the WIGI. |
| | D. | Remove from Burrell's Official Personnel File the following adverse documentation regarding Burrell's employment: (1) documents relating to the VA's deferral of the WIGI that Burrell was scheduled to receive in September 2005; and (2) documents relating to the Performance Assistance Plan prepared for Burrell and dated September 9, 2005. These documents shall be placed in a sealed envelope and stored in the offices of the United States Attorney with a memorandum attached to the envelope stating that the envelope is not to be opened or disclosed except pursuant to court order. A copy shall be provided to counsel for plaintiff within 30 days from the date the Agreement is executed. |
| | E. | Take no actions which would interfere with Burrell's right to apply and be favorably considered for future employment with the United States Government. |
| | F. | Provide Burrell with a letter of recommendation in the form attached to this Agreement as Exhibit A, subject to the provisions of Paragraph 9. |
| | G. | Refrain from retaliating against Burrell in any way. |

2. Burrell and her heirs, executors, administrators, assigns and attorneys hereby agree to accept the sum set forth in Paragraph 1A and 1C, in full and final settlement and satisfaction of the claims raised in this action under the terms and conditions set forth herein.

3. It is also agreed, by and among the parties, that the sum set forth in Paragraph 1A and 1C represents the entire amount payable to Burrell and her heirs, executors, administrators, assigns and attorneys.

4. It is also agreed, by and among the parties, that the sum set forth in Paragraph

Stipulation and Agreement for Compromise and Settlement
*Burrell v. Shinseki, Secretary, Dept of Veterans Affairs;* 1:08-cv-00067-OWW-SMS    Page 3

1A and 1C, shall be made payable to Burrell's counsel, Mary Dryovage, Esq. and Arrolene C. Burrell.  The checks will be mailed to Burrell's attorney at the following address: Mary Dryovage, Esq., Law Offices of Mary Dryovage, 600 Harrison Street, Suite 120, San Francisco, CA 94107.

5. It is also agreed by and among the parties that neither Burrell nor her attorney may make any claim for attorney's fees or other costs against the VA, the United States, their agents, servants, or employees.

6. In consideration of the receipt of the sums set forth in Paragraph 1A and 1C, Burrell agrees that she will immediately upon execution of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in this action or any claims that could have been asserted in this action, which is captioned *Burrell v. Nicholson*,1:08-cv-00067-OWW-SMS.   The fully executed Stipulation of Dismissal will be held by counsel for the VA and will be filed with the Court upon receipt by Burrell's counsel of the settlement amount.

7. In consideration of the receipt of the sums set forth in Paragraph 1A and 1C, Burrell hereby releases and forever discharges the VA and any and all of its past and present officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to this action, including all claims under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Rehabilitation Act of 1973, the Family and Medical Leave Act of 1993, the Age Discrimination in Employment Act of 1967 and any other claim Burrell could have asserted regarding the events of this lawsuit.

8. In consideration of the payment of the sum set forth in Paragraph 1A and 1C, Burrell further agrees that she may not and will not use or rely on the incidents and actions underlying the events at issue to prove any other claims against the VA in any other lawsuit.

9. With respect to the letter of recommendation provided pursuant to Paragraph 1 F of this agreement, Burrell shall be solely responsible for providing a copy of such letter to any prospective employer. In response to an inquiry from any prospective employer regarding Burrell's Fresno VA employment, the Personnel Office of the VA Central California Health Care System will confirm Burrell's dates of employment.

10. Burrell represents and warrants that there has been no assignment or other transfer of any interest in any claim that Burrell may have against the VA or any of its past or present officials, employees, attorneys or agents, and Burrell agrees to indemnify and hold them harmless from any liability, claims, demands, costs, expenses and attorneys' fees incurred by them or any of them as a result of any person asserting any such assignment or transfer.

11. The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Burrell having been apprised of the statutory language of Civil Code Section 1542 by her attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law. Burrell understands that if the facts concerning Burrell's injury and the liability of the VA, or the VA's agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by them to be true, this agreement shall be and remain effective notwithstanding such material difference.

12. Burrell acknowledges that she has been given twenty-one (21) calendar days within which to review and consider this agreement and understands that she has seven (7) calendar days within which to revoke her acceptance of this agreement. Any such revocation must be made in writing and delivered to counsel for the VA on or before the seventh calendar day after Burrell signs this agreement. Burrell further represents that she has conferred with her attorney prior to executing this agreement, she has examined and understands the provisions of 29 U.S.C. § 626(f)(1), and that the requirements of those provisions are fully met and satisfied in connection with this agreement.

13. The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the VA or its officers, agents, servants, or employees. This agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and buying peace.

14. This agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

15. Payment as set forth herein in paragraph 1C shall be treated as back wages and a W-2 for this amount will be issued to plaintiff at the end of the calendar year. If any withholding or income tax liability is imposed upon Burrell based on payment of the settlement sum as set forth herein in paragraph 1A, Burrell shall be solely responsible for paying any such liability. This settlement amount will be considered and treated as general damages for personal injury, including allegations of emotional injury and for reimbursement of attorneys fees and costs of the litigation. This amount will not be considered or treated as back wages.

16. Counsel for the VA shall submit a Voucher for Payment and supporting documents to the Judgment Fund for payment of the sum set forth in paragraph 1A and 1C to Burrell within seven days after receipt of a fully signed Agreement.

17. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.

18. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this agreement and that they have had the contents of this agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

19. Notwithstanding any other provision of this Agreement, nothing in this agreement shall have any adverse effect upon Burrell's right and ability to continue to collect

retirement benefits and medical benefits.

20. Except as it relates to the consideration to Burrell as set forth in this agreement in paragraph 1A, if any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

21. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

22. This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

23. This agreement may be signed in one or more counterparts, each of which shall be deemed to be an original and all of which together shall constitute one and the same instrument.

FOR THE PLAINTIFF:

Dated: 10/1/09               /s/ Arrolene C. Burrell
                             ARROLENE C. BURRELL
                             Plaintiff


Dated: 9/30/09          By:  /s/ Mary Dryovage
                             MARY DRYOVAGE
                             Attorney for Plaintiff

FOR THE DEFENDANT:

Dated: 10/8/09               /s/ Alan Perry
                             ALAN PERRY
                             Director,
                             VA Central California Health Care System

|     |                              |                                                                                  |
| --- | ---------------------------- | -------------------------------------------------------------------------------- |
| 1   |                              | LAWRENCE G. BROWN                                                                |
| 2   |                              | United States Attorney                                                           |
| 3   | Dated:  10/8/09              | By:  /s/ Benjamin E. Hall                                                        |
| 4   |                              | BENJAMIN E. HALL<br>Assistant United States Attorney<br>Attorney for the Secretary of VA |

IT IS SO ORDERED.

**Dated:   October 14, 2009**              /s/ Oliver W. Wanger
UNITED STATES DISTRICT JUDGE

Stipulation and Agreement for Compromise and Settlement
*Burrell v. Shinseki, Secretary, Dept of Veterans Affairs;* 1:08-cv-00067-OWW-SMS                    Page 8